UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARIEL CERVANTES, AS NEXT FRIEND OF F.C., A MINOR | ) ) ) ) |
| V. | ) CIVIL ACTION NO. _____ ) ) |
| PETSMART, INC. | ) |

### DEFENDANT PETSMART, INC.'S NOTICE OF REMOVAL

1. PetSmart, Inc. – which statutorily converted from a corporation to a limited liability company on February 5, 2021 and is now PetSmart LLC - ("PetSmart") is the only defendant in a civil action filed on May 27, 2022 in the County Court at Law No. 2 of Tarrant County, Texas styled Ariel Cervantes, As Next Friend of F.C., A Minor v. PetSmart, Inc. with a Cause Number of 2022-002745-2. This is (generally) a premises liability case. In this lawsuit, Ariel Cervantes as Next Friend of F.C., A Minor ("Cervantes") is alleging that she was shopping with her four year old son at a PetSmart store in Burleson when Cervantes and her child "…encountered another customer on the aisle as they were shopping…" when the other customer's pit bull dog "…violently attacked [her child] and clamped his jaws down on [her child's] hand." [paragraph IV. of Plaintiff's First Amended Petition].

2. The Plaintiff in this action – again, Cervantes – pled in her Plaintiff's First Amended Petition that she is residing in Texas. PetSmart has no reason to believe that Cervantes is not currently residing in (and is not currently a citizen of) Texas. PetSmart was served with the Plaintiff's First Amended Petition on July 18, 2022 (and this was the first time that PetSmart was formally served with this lawsuit). As stated below, PetSmart, Inc. was a Delaware corporation with its principal place of business in the State of Arizona. PetSmart LLC is a limited liability

company organized under the laws of the State of Delaware with its principal place of business in the State of Arizona.  This case is removable because there is complete diversity of citizenship of the parties because (a) the Plaintiff is a citizen of Texas now and at the time the lawsuit was commenced in Tarrant County Court  and (b) PetSmart's citizenship is Delaware and Arizona.  As stated above, PetSmart, Inc. was a Delaware corporation with its principal place of business in the State of Arizona.  On February 5, 2021 PetSmart, Inc. statutorily converted from a corporation to a limited liability company and is now PetSmart LLC.  PetSmart LLC's citizenship (both now and at the time this lawsuit was commenced in Tarrant County Court) is Delaware and Arizona.  In this regard, as stated by the Fifth Circuit in the case of *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008), unlike corporations – and except for the limited situation involving class action lawsuits - the citizenship of unincorporated associations is not determined by the state in which the unincorporated association is organized under rather, it is determined by the citizenship of all its partners or members.  In addition, the Fifth Circuit held in *Mullins v. TestAmerica, Inc*., 564 F.3d 386 (5th Cir. 2009) that when members of an unincorporated association are themselves unincorporated associations, the citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status.  The following is a list of this tracing for PetSmart LLC (when the principal places of business are listed below, it is referring to the principal places of business both now and at the time Cervantes' lawsuit was commenced in Tarrant County Court):

     PetSmart LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona.  The sole member of PetSmart LLC is Argos Holdings LLC, a Delaware limited liability company with its principal place of

business in Phoenix, Arizona.  The sole member of Argos Holdings LLC is Argos Immediate Holdco III LLC, a Delaware limited liability company with its principal place of business in Phoenix, Arizona.  The sole member of Argos Immediate Holdco III LLC is Argos Immediate Holdco II LLC, a Delaware limited liability company with its principal place of business in Phoenix, Arizona.  The sole member of Argos Immediate Holdco II LLC is Argos Immediate Holdco I Inc., a Delaware corporation with its principal place of business in Phoenix, Arizona.  Argos Immediate Holdco I Inc. is the first entity in the layer of PetSmart LLC that is not a limited partnership or a limited liability company.  PetSmart LLC's citizenship, therefore, is Delaware and Arizona both now and at the time this lawsuit was commenced in Tarrant County Court.

3.  This Notice of Removal is timely filed under 28 U.S.C. Section 1446(b) in that it is filed within 30 days of PetSmart's being served with the Plaintiff's First Amended Petition (which is the first time that PetSmart was formally served with this lawsuit) and within one year of the commencement of the action in the Tarrant County Court.

4.   The district courts of the United States have original jurisdiction over this case based on diversity of citizenship of the parties in that the only defendant is now and was at the time the action was commenced in the Tarrant County Court diverse in citizenship from the plaintiff.  Furthermore, the only defendant is not now (and was not at the time the action was commenced in the Tarrant County Court) a citizen of the State of Texas.  In this regard, PetSmart's citizenship – both now and at the time the action was commenced in the Tarrant County Court – is Delaware and Arizona.  Cervantes is a citizen of the State of Texas now (it is assumed) and at the time of the filing of the lawsuit in Tarrant County Court.

5.   In paragraph I. of her lawsuit, Cervantes states that she seeks "…monetary relief in a sum of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."  PetSmart would show, therefore, that the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

6.   Removal of this action is proper under 28 U.S.C. Section 1441 because it is a civil action brought in state court and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. Section 1332 because the plaintiff and the only defendant are diverse in citizenship.

7.   The documents required to be attached to this notice pursuant to Local Rule 81.1 are attached as Exhibits 1-9.

8.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PetSmart demands a jury trial on each of the issues alleged in Plaintiff's First Amended Petition.  A jury was demanded by PetSmart  (and a jury fee paid by PetSmart) in Tarrant County Court pursuant to the rules of the State Court for jury demands prior to the removal of this action.

　　　WHEREFORE, PetSmart (the only defendant in this case) pursuant to the statutes stated in this notice and in conformance with the requirements set forth in 28 U.S.C. Sec. 1446 removes this action from the Tarrant County Court at Law No. 2 to this Court.

Respectfully submitted,

By: /S/ William H. Luck, Jr.
      _____
William H. Luck, Jr.
TB# 12666450
Fed. No. 6070
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net (E-Mail)

ATTORNEY IN CHARGE
FOR PETSMART, INC.
NOW PETSMART LLC

## CERTIFICATE OF SERVICE

    In accordance with the Federal Rules of Civil Procedure, I hereby certify that I served a copy of this pleading on all attorneys of record in this case by e-serve on August 12, 2022.

/S/ William H. Luck, Jr.
_____
William H. Luck, Jr.

5