Case 4:22-cv-00694-Y   Document 1-3   Filed 08/12/22   Page 1 of 6   PageID 8

E-FILED
TARRANT COUNTY, TEXAS
5/27/2022 8:45 PM
Mary Louise Nicholson
COUNTY CLERK
BY: S B M

NO. 2022-002745-2

| | | |
|---|---|---|
| ARIEL CERVANTES, AS NEXT FRIEND OF F.C., A MINOR<br>Plaintiff,<br><br>V.<br><br>PETSMART, INC.<br>Defendant. | § § § § § § § § § § § § | IN THE COUNTY COURT AT LAW<br><br>NUMBER_____<br><br>TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Ariel Cervantes, as Next Friend of F.C., a minor, complaining of and about PetSmart, Inc., Defendant, and for causes of action show unto the Court the following:

### I. DISCOVERY LEVEL

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 2 of Rule 190. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this court. Plaintiff's counsel further states that Plaintiff seeks monetary relief in a sum of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks costs of court, and prejudgment and post judgment interest at the highest legal rate.

### II. PARTIES, RESIDENCE AND SERVICE

2. Plaintiff, Ariel Cervantes, is an individual and Texas resident.

3. Defendant, PetSmart, Inc. is a foreign corporation doing business in Tarrant County, Texas,



and may be served through its agent, CT Corporation, 1999 Bryan Street, Suite #900, Dallas, TX 75201.

## III. JURISDICTION AND VENUE

4.  The amount in controversy is within the jurisdictional limits of this Court.

5.  Venue is proper in Tarrant County because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

## IV. SUMMARY OF FACTS

6.  On or about May 27, 2020, Ariel Cervantes and her minor child, F.C., who was 4 years old at the time, entered PetSmart at 12930 S. Frwy., Burleson, Texas 76028 to shop for pet supplies.

7.  Shortly after entering PetSmart, F.C. and his mother encountered another customer on the aisle as they were shopping who brought his pit bull into the store.

8.  The unprovoked pit bull violently attacked F.C. and clamped his jaws down of F.C.'s hand.

9.  F.C.'s hand was horribly injured, suffered severe pain, and required medical treatment at Texas Health Huguley Hospital.

10. Additionally, F.C. was traumatized and in fear for his life during the pit bull attack.

11. F.C. remains disfigured and traumatized from the pit bull attack.

12. PetSmart allowed its customer to bring a dangerous dog into its store with no questions asked.

13. PetSmart allows all dogs, including dangerous dogs, to be brought into their stores in order to increase profits, without any regard whatsoever to the safety of their customers, including 4 year old children such as F.C.

14. PetSmart knows that pit bull dogs are dangerous and have a high propensity for violence against people and other animals.

15. PetSmart has a company policy of not allowing pit bull dogs into their in-store programs such as their Doggy Day Camp because of safety risks to employees and other animals.

16. PetSmart policy for Doggy Day Camp is: **"for the safety of all animals and associates, we cannot accept dogs of the "bully breed" classification or wolves/wolf hybrids including American Pit Bull Terriers, Miniature Bull Terriers, American Staffordshire Terriers, Staffordshire Bull Terriers, American Bull Dogs, Bull Terriers or mixed breeds that have the appearance or characteristics of one of these breeds."**

17. PetSmart protects their employees from dangerous pit bull dogs by not allowing them into the Doggy Day Camp but allows pit bull dogs into their stores with no questions asked to attack children.

## V. COUNT ONE - STRICT LIABILITY

18. The subject pit bull dog was a domestic animal that Defendant had reason to know possessed dangerous propensities. As such, Defendant is strictly liable for the damages resulting from the dog's ownership and/or possession.

19. Plaintiff will show that: 1) the dog in question are of a vicious or dangerous or mischievous nature, 2) that Defendants had actual or constructive knowledge of such characteristics or tendencies or traits, and 3) that the resulting injuries to Plaintiffs resulted from the propensities or characteristics of which the Defendant had knowledge.

## VI. COUNT TWO - NEGLIGENCE

20. F.C.'s injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant and/or Defendants' agent because Defendant violated the duty owed to Plaintiffs to exercise ordinary care in operating their pet store as follows:

    a. Allowing a dog breed that PetSmart knows is dangerous into its stores with customers and children present;

    b. Failing to screen/question dog owners about the dog's dangerous propensities;

    c. Failing to warn the Plaintiff of the subject dogs dangerous and vicious propensities, such as a person of ordinary care would have done in the same or similar circumstances when these dogs are welcomed into the stores;

    d. Failing to inquire with the dog owner about the dangerous propensity of the dog;

    e. Failing to supervise or affirmatively monitor dogs in the store that PetSmart knows are dangerous to people and other animals, such as a person of ordinary care would have done under the same or similar circumstances; and

    f. Failing to effectively assist their customers after their customers have been attacked by a dangerous dog that PetSmart welcomed into the store, such as a person of ordinary care would have done under the same or similar circumstances.

    g. Failing to contact animal control to report the attack/bite as required by the City of Burleson and hold the pit bull dog until proper law enforcement could respond.

21. Each of the foregoing negligent and negligent per se acts and/or omissions, whether taken singularly or in any combination, were a proximate cause of the injuries and damages suffered by F.C.

## VII. PREMISES LIABILITY

22. In the alternative to Count One and Count Two, at the time and on the occasion the subject of this suit, Defendant was the possessor of the premises where F.C. was injured.

23. Defendant knew or reasonably should have known that allowing pit bull dogs into their store with no questions asked created an unreasonable risk of harm.

24. Defendants knew or should have known of the dangerous condition because the condition was created by Defendants acts and/or omissions and Defendants even recognized the danger pit bull dogs posed to people in their own company policy.

25. Defendant had a duty to warn Plaintiff of such dangerous conditions or correct the condition.

26. Instead, Defendants ignored this foreseeable and preventable danger, failed to take reasonable steps to prevent the danger, and failed to warn Plaintiff of the existence of this dangerous condition of the premises, although the dangerous condition had existed on the premises for a period of time that it should have been discovered and/or corrected had Defendants exercised ordinary care.

27. As a result of Defendant's acts in inaction, F.C. was injured.

## VIII. DAMAGES

28. As a result of the acts and/or omissions of Defendant and/or Defendants agent, Plaintiff is entitled to recover at least the following damages:

   a. Reasonable and necessary health care expenses incurred in the past;
   b. Reasonable and necessary health care expenses which, in all reasonable probability, will be incurred in the future;
   c. Physical pain and suffering in the past;
   d. Physical pain and suffering which, in all reasonable probability, will be endured in the future;
   e. Mental anguish suffered in the past;
   f. Mental anguish which, in all reasonable probability, will be suffered in the future;
   g. Physical impairment, past and future;
   h. Disfigurement in the past; and
   i. Disfigurement in the future.

## IX. RULE 193.7 NOTICE

29. Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure, files this Notice of Intention to Use Production Documents at Trial. Plaintiff hereby gives notice that she

intends to use at trial, or any pre-trial proceedings, all documents produced by Defendant in response to discovery from any and all parties in this cause.

## PRAYER

30. WHEREFORE, Plaintiffs pray that the Defendant be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, damages in an amount within the jurisdictional limits of the Court; all Costs of Court; both pre-judgment and post-judgment interest at the maximum legal rate; and, for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF DARREN WOLF, P.C.**

By: _____
Darren Wolf
Texas Bar No. 24072430
darren@darrenwolf.com
Christianne Edlund
Texas Bar No. 24072083
christianne@darrenwolf.com
1701 N. Market Street Suite 210
Dallas, Texas 75202
(214) 346-5355
(214) 346-5909 FAX

***ATTORNEYS FOR PLAINTIFFS***